UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROOSEVELT HAWTHORNE,   )
                       )
          Petitioner,  )
                       )
     v.                )     No. 1:18-cv-02314-SEB-TAB
                       )
WARDEN,                )
                       )
          Respondent.  )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Roosevelt Hawthorne for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 18-03-0179. For the reasons explained in this Entry, Mr. Hawthorne's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On March 28, 2018, Investigator Gaskin issued a Report of Conduct charging Hawthorne with a violation of Code B-215, Unauthorized Possession of Property. The Report of Conduct states:

> On March 26, 2018 at approximately 12:30 PM, I R Gaskin Investigator had a conversation with offender HAWTHORNE, ROOSEVELT F. #973835, about his foot gear. Inmate Hawthorne said that he was authorized black gym shoes because of medical reasons that was authorized by the medical staff from another facility and had it updated when he got here to IYC. Offender Hawthorne was asked for a copy of his medical instructions sheet, upon reviewing the document inmate Hawthorne was call to the investigations' office for further conversation on the shoes. During the interview inmate Hawthorne on 3-28-2018, inmate Hawthorne admitted that he receive the pair of black Nike shoes from an offender that was housed in the PLUS unit and that he was leaving the facility. Inmate Hawthorne alleges that at on 3-15-2018, he went to medical and had the doctor write him an order to wear the black Nike shoes with the white accents. He went on to say because medical informed him that diabetic shoes were too costly for medical to purchase. When asked inmate Hawthorne admit that no other staff authorized him to receive the shoes from the other inmate other than the doctor when Hawthorne took the shoes to HSU for the medical staff to review. A SF36030 (Notice of Confiscated Property) receipt was given to the he [sic] inmate.

Dkt. 7-1.

Hawthorne was notified of the charge on April 4, 2018, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. Dkts 7-1, 7-3. Hawthorne pled not guilty and stated that he would bring evidence from medical. Dkt. 7-3.

The Hearing Officer conducted a disciplinary hearing on April 6, 2018. Dkt. 7-10. The Hearing Officer noted that Hawthorne stated, "Doctor authorized me to wear these shoes knowing they was from another offender. For mesh [sic] purposes." *Id.*

Hawthorne submitted two copies of two exhibits to the hearing officer that reflected he had authorization to keep and wear the shoes at issue. *See* dkt. 2-1 at p 1-2. These documents included the following:

1. Medical instructions dated January 11, 2018, that states that Hawthorne was cleared to wear diabetic shoes per MD Dew. Dkt. 7-5, 7-8.

2. A facility note dated March 15, 2018, with a classification order that states, "cleared to wear diabetic shoes he has from outside (already in his possession) NO stairs offender may keep wearing, unless regs specifically require him to wear his boots, daily, at all times, until he is released. [T]hey are Nike, mainly black w/ white striping, mesh toes." Dkt. 7-6, 7-7.

The Hearing Officer then modified the charge to a Code B-233 violation (unauthorized giving and receiving) and determined that Mr. Hawthorne was guilty based on the staff reports, the offender's statement, and the physical evidence. Dkt. 7-10. The sanctions imposed included a written reprimand, phone and commissary restrictions, and the deprivation of 30 days of earned credit time. *Id.*

Mr. Hawthorne appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. Dkt. 7-11. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Mr. Hawthorne raises three grounds for relief. First, he alleges that the hearing officer violated his due process rights by changing the infraction from Code B-215, Unauthorized

3

Possession of Property, to Code B-233, Bribing/Giving[1] without sufficient notice. Next, Mr. Hawthorne asserts that Department of Correction Policy prohibits a hearing officer from also acting as a review officer. Such that the hearing officer was prohibited from changing the violation charged. Finally, Mr. Hawthorne asserts that the hearing officer failed to consider the exhibits he submitted that showed he had authorization to keep and wear the shoes.

### 1. Exhaustion

As a preliminary matter, the respondent argues that Mr. Hawthorne failed to exhaust his available administrative appeals with regard to certain issues in the petition. In this case it appears to be in the interests of both justice and judicial efficiency that the merits of Mr. Hawthorne's habeas claims be resolved. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525).

In this case, considering petitioner's claims on the merits rather than first resolving the exhaustion issue will most likely promote judicial economy.

### 2. Notice of the Charges

Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910

---

[1] The hearing officer used the title "Unauthorized Giving and Receiving" instead of Bribing/Giving.

(7th Cir. 2003) (citations and quotation marks omitted). *See also Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) ("The notice should include the number of the rule violated . . . and a summary of the facts underlying the charge." (citations and quotation marks omitted)).

Mr. Hawthorne asserts that the hearing officer violated his due process rights by changing the infraction from Code B-215, Unauthorized Possession of Property, to Code B-233, Unauthorized Giving and Receiving, without enough notice. Mr. Hawthorne further asserts that Department of Correction Policy prohibits a hearing officer from changing the violation charged.

In *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003), the Seventh Circuit rejected an analogous argument to the one Mr. Hawthorne advances here. In that case, the petitioner's charge was changed on appeal from conspiracy and bribery to attempted trafficking of tobacco. This change did not violate due process, concluded the Seventh Circuit, because the written notice informing the petitioner of the factual basis for his charge provided the petitioner with "all the information he needed to defend against the trafficking charge." *Id.* at 911. Simply put, if the facts of the initial charge are "sufficient to apprise [the petitioner] that he could be subject to a [different] charge," due process is not violated because the defendant is on notice that he could be subject to a different charge and has all the factual information necessary to prepare a defense against that charge. *Id.* at 910-11; *see Moshenek v. Vannatta*, 74 Fed. Appx. 639, 641 (7th Cir. 2003) (noting that the Seventh Circuit in *Northern* held that the "notice of the original offense is sufficient where the modified charge has the same factual basis").

That is the case here. The Conduct Report detailed the conduct in question, namely Mr. Hawthorne's receipt and possession of a pair of black Nike shoes, and placed Mr. Hawthorne on notice to prepare a defense to justify that conduct. Mr. Hawthorne has not provided any evidence

5

to suggest that if he had additional time he would have been able to present any additional exculpatory evidence at the hearing.

Mr. Hawthorne's related argument is that the hearing officer was prohibited by Department of Correction policy from changing the code violation at issue. This argument does not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because "alleged departures from procedures outlined in the prison handbook … have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."). Prison policies, regulations, or guidelines do not constitute federal law. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Accordingly, no relief is warranted based on the claim that the code violation was changed by the hearing officer at the disciplinary hearing.

### 3. Sufficiency of the Evidence

Mr. Hawthorne's remaining argument is that the exhibits he presented to the hearing officer were not relied upon when she found him guilty. An offender violates Code B-233, Bribing/Giving, by "[g]iving or offering a bribe or anything of value to a staff member, authorized volunteer, visitor or contractor or possessing, giving to **or accepting from any person anything of value without proper authorization.**" Adult Disciplinary Process, Appendix I: Offenses, available at: https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf (last visited May 1, 2019) (emphasis added).

6

There is no dispute that the hearing officer considered Mr. Hawthorne's exhibits. In fact, the exhibits likely lead her to the infraction from Code B-215, Unauthorized Possession of Property, to Code B-233, Unauthorized Giving and Receiving. Mr. Hawthorne's exhibits reflected that he was authorized to possess the shoes at the time the conduct report was written. The exhibits do not call into question the conclusion that Mr. Hawthorne received the shoes from another inmate and not an authorized source. Thus, the hearing officer was not required to rely on this evidence in reaching her decision that Mr. Hawthorne was guilty of Unauthorized Giving and Receiving.

In addition, there was sufficient evidence to find Mr. Hawthorne guilty of accepting a thing of value without proper authorization. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The record reflects that Mr. Hawthorne took the shoes (a thing of value) from another offender who was leaving the facility without authorization. This is some evidence to support the conviction. No relief is warranted on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Hawthorne to the relief he seeks. Accordingly, Mr. Hawthorne's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/3/2019

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROOSEVELT HAWTHORNE
973835
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov